UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON WALTERS, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )   No.  05-CV-684-TCK-SAJ |
| | ) |
| DECISIONONE CORPORATION, | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is Defendant DecisionOne Corporation's Motion to Dismiss Count II of the Complaint (Dkt. No. 7). Plaintiff was employed by Defendant. Plaintiff suffers from a physical impairment that limits his vision. Plaintiff alleges that, upon being transferred from Defendant's customer service department to the technical support department, he was denied a reasonable accommodation. Plaintiff alleges he made a complaint regarding this denial and was thereafter subjected to a pattern of discriminatory conduct that culminated in his termination on or about September 15, 2003. (Compl. ¶¶ 6,10-11.) In his first cause of action, Plaintiff asserts a violation of the Americans with Disabilities Act ("ADA") for failure to accommodate his disability. In his second cause of action, Plaintiff asserts a claim for retaliation based on engaging in protected activity under the ADA. (Compl. ¶¶ 14-21.)

Defendant moves to dismiss Plaintiff's second cause of action pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff failed to exhaust his administrative remedies as to the retaliation claim because the charges filed with the Equal Employment Opportunity Commission ("EEOC") do not encompass such claim. Both parties rely on evidence outside the pleadings, which

1

the Court may consider to resolve disputed jurisdictional facts. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). The Court need not convert the motion to a Rule 12(b)(6) or Rule 56 motion because the jurisdictional question is not "intertwined with the merits of the case." *Id.*

In the Tenth Circuit, "a plaintiff must exhaust her claims before the EEOC as a prerequisite to federal court jurisdiction over her ADA claims." *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). "[A] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.* In analyzing whether administrative remedies have been exhausted as to a particular claim, the EEOC charges should be "liberally construed." *See id.*; *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1995 (10th Cir. 2004). Courts may not rely on a "continuing violation" theory in deciding the question of exhaustion; instead, a plaintiff must "exhaust administrative remedies for each individual discriminatory or retaliatory act." *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). Thus, the Court must analyze the evidence to determine if Plaintiff's EEOC charges include a retaliation claim.

The "retaliation" box is not checked on Plaintiff's EEOC Charge of Discrimination. (*See* Def.'s Mot. to Dismiss Count II at Ex. B.) This creates a presumption that Plaintiff did not include a retaliation claim in his EEOC charge. *See Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1260 (10th Cir. 1998). However, the presumption can be rebutted by the text of the claim in the administrative charge. *See id.* The text of Plaintiff's EEOC Charge of Discrimination reads:

> I. A. From approximately October 2002 until I was terminated, I was denied a reasonable accommodation by the Respondent employer, despite my repeated requests for an accommodation.
> B. Because the denial of the accommodation created conditions of employment that were so adverse to my health, well being and the performance of my work, I could not continue to subject myself to this

2

>> situation. Therefore, Respondent compelled me to resign my position of Tier 1 Level Technician.
> II. A. No reason(s) were given for the denial of a reasonable accommodation.
>    B. No reason(s) were given for the constructive discharge.
> III. I believe I have been discriminated against because of my Disability, in violation of Title I of the [ADA].

(*See* Def.'s Mot. to Dismiss Count II at Ex. B.)

Other documents contained in the EEOC file are also before the Court. In his "General Intake Questionnaire," Plaintiff stated that the employment event that caused him to contact the EEOC was being "denied the use of reasonable accommodation for my disability." (Def.'s Reply to Plf.'s Resp. to Def.'s Mot. to Dismiss Count II at Ex. A.) Plaintiff identified Carol Songe as the supervisor who made the decision that brought about the event. (*Id.*) In his "ADA Disability Questionnaire," when asked if any managers or supervisors made negative comments about his impairment, Plaintiff stated: "Before I quit, my last supervisor said I had bad body odor and that 'you're bringing down the team score.'" (*Id.* at Ex. B.) In his "Discharge Questionnaire," Plaintiff stated he "was given no reason for not being able to use lg [large] monitor." (*Id.* at Ex. C.)

Viewing the EEOC file in its most favorable light, the Court finds insufficient evidence to rebut the presumption against the assertion of a retaliation claim. Although there is mention of "repeated requests" by Plaintiff to accommodate his disability followed in time by an alleged constructive discharge, Plaintiff does not sufficiently allege that any adverse employment actions were caused by Plaintiff's requesting the accommodation or complaining about failing to receive the accommodation. Instead, Plaintiff's allegation of constructive discharge is that Defendant's denial of his request for accommodation made his working conditions so unbearable that he had to quit. This is distinct from alleging constructive discharged based on the act of engaging in protected activities, such as *requesting* the accommodation or *complaining* about the failure to accommodate.

There is nothing in the EEOC Charge of Discrimination or other EEOC documents to indicate Plaintiff's intention to assert a retaliation theory of discrimination.

The Court has also considered a document that Plaintiff gave to the EEOC at the time he filed his charges. This document is an Order of Decision of the Oklahoma Employment Security Commission entered on February 13, 2004, which provides:

> Employer reneged on its hiring agreement with claimant to provide him the reasonable accommodation of a large-screen monitor to allow him to perform his job. When the accommodation was taken away from claimant after approximately 1 ½ years of employment during an office relocation, claimant took appropriate steps to preserve and protect his employment. Employer presented no justifiable reason as to why it would not continue to allow claimant use of the large-screen monitor. Employer's failure to uphold the hiring agreement and failure to furnish claimant an accommodation, or proper equipment, to perform his job created an unusually difficult working condition for claimant and likely placed his visual health at risk. Employer's action constituted good cause connected with work for claimant to leave employment voluntarily.

(Plf.'s Resp. to Def.'s Mot. to Dismiss Count II at Ex. B.) There is nothing in this order that would indicate to the EEOC that Plaintiff intended or desired to assert a retaliation claim. Instead, the order confirms this Court's conclusion that Plaintiff only alleged to have been denied a requested accommodation and then constructively discharged based on unbearable working conditions flowing from such denial.[1]

---

[1] Plaintiff has also submitted an Affidavit, executed for purposes of responding to the motion to dismiss, in which he describes the conduct of a supervisor named Sherry Lawson ("Lawson"). Plaintiff now claims Lawson was engaged in "a pattern of discriminatory conduct that culminated in constructive discharge on or about September 15, 2003." (Plf.'s Resp. to Def.'s Mot. to Dismiss Count II at Ex. A, ¶ 8.) Plaintiff cannot, however, use an Affidavit to supplement the charges before the EEOC in an attempt to confer subject matter jurisdiction on the Court. Instead, the Court has considered the evidence that was before the EEOC when it conducted its investigation. This is consistent with the Tenth Circuit's directive that "a plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie,* 414 F.3d at 1274.

It is THEREFORE ORDERED that Defendant's Motion to Dismiss Count II of the Complaint (Dkt. No. 7) is GRANTED, and Plaintiff's second cause of action for retaliation is dismissed with prejudice.

**ORDERED this 3rd day of January 2007.**

*[signature: Terence Kern]*

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**